## McKenzie vs. State.

One of several defendants in an indictment still pending against him for the same offence, is not a competent witness for his co-defendant. (*Moss vs. State*, 17 *Ark.*, 327; *Brown vs. State, ante.*) But if a *nolle prosequi* has been entered as to him, his competency is restored; and the fact that he has been afterwards separately indicted for the same offence, will not render him incompetent.

An accomplice who is not indicted is not a competent witness for the defendant (*Brown vs. State, ante.*)

Where there is no evidence in the transcript, either by entry of record or by endorsement upon the indictment, that the grand jury returned the indictment into court, the judgment against the defendant will be reversed. The endorsement, "filed in open court," does not show that it was returned into the court by the grand jury, and is not sufficient.

*Appeal from Randolph Circuit Court.*

Hon. L. L. MACK, Circuit Judge.

Watkins & Rose for appellant.

A *particeps criminis* is not an incompetent witness so long as he remains not convicted and sentenced for an infamous crime, if he has not been put on his trial at the same time with his companions in crime. 1 *Greenl. on Ev.*, § 379.

The entry of the *nol. pros.* as to Bremage dischargad him from the record, and after that he was a competent witness. *Id.*, § 363.

Winters was not indicted, and though it might be true that he was one of the party that rode up to Poston's house and fired on him, yet the court erred in refusing to allow him to testify. *Id.*, 379.

There is no evidence in the transcript that the indictment was returned into court, as the statute requires. *Gould's Dig., p. 405, sec.* 87; *Whart. Crim. Law*, 181, and cases cited in notes *q. r. Green vs. State,* 19 *Ark.,* 178; 7 *Eng.,* 62; 7 *Humph.* 155; 8 *Humph.,* 118; 3 *Gilman,* 71.

Mr. Attorney General Jordan for the state.

Mr. Justice Compton delivered the opinion of the court.

The appellant was convicted in the circuit court of Randolph county of murder in the first degree, and was sentenced to be hanged. The motion of the appellant for a new trial was overruled, and he appealed to this court.

The record presents several questions for our consideration, which we will proceed to determine in the order in which they have been argued in this court.

1. The bill of exceptions shows that the accused offered to introduce Jahu Bremage as a witness in his behalf, which the court refused to permit upon the ground that he was the identical person who, by the name of John Bremage, was jointly indicted with the accused, and as to whom a *nolle prosequi* was entered and against whom a separate indictment, for the same offence, was subsequently preferred, which then remained undetermined.

This was error. It is true that it was decided by this court, in *Moss vs. The State*, 17 *Ark.*, 327, and again, at the present term, in *Brown vs. The State*, that one of several defendants in an indictment, still pending against him for the same offence, is not a competent witness for his co-defendants, but such is not the question here presented. Bremage, as we have seen, had been discharged from the joint indictment, was no longer a party to the record in that case, and the fact that he stood indicted separately for the same offence, did not disqualify him as a witness for the accused. *Whar. Crim. Law, p.* 303; *United States vs. Henry,* 4 *Wash. Cir. Ct. Rep.* 428; 1 *Hale, p.* 305, (*in Marg.;*) 1 *Chit. Crim. Law, p.* 603, (*in Marg.*)

2. The bill of exceptions also shows that the accused offered to introduce James C. Winters as a witness, which the court refused to permit, because it was made to appear that he was an accomplice. In this the court also erred. This witness was not indicted at all, and his being an accomplice did not make him incompetent. *Brown vs. The State* decided at the present term See also authorities above cited.

3. There is no evidence in the transcript, either by an entry of record or by endorsement upon the indictment, thatthe grand jury returned the indictment into court. This was held to be a good ground for reversal in *Green vs. The State*, 19 *Ark.*, 178, and in *Milan vs. The State* at the last term. In the case now before us, the endorsement upon the indictment by the clerk, "filed in open court, November 30, 1866," does not show that the indictment was returned into court by the grand jury, or how it got there—it is evidence of the filing only—and in such case we are not allowed, as held in *Green vs. The State, supra,* to indulge the presumption that it was returned by the grand jury.

For the errors indicated, the judgment must be reversed, and the cause remanded with instructions to the court below to grant the accused a new trial, if the record can be perfected—which may be done by making a *nunc pro tunc* entry, showing that the grand jury did in point of fact return the indictment into court

as required by law, if such was the fact.   But if the court below shall determine that the indictment was not returned into court by the grand jury, the accused will then be subject to indictment *de novo*, and may be held in custody for that purpose.