George JOHNSON *v.* STATE of Arkansas

CR 76-222 546 S.W. 2d 719

Opinion delivered February 28, 1977
(Division II) ·

*James O. Fels,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. George Johnson was convicted in the Circuit Court of Jefferson County of escaping from the Department of Corrections. The only issue on appeal is Johnson's allegation that he should have been granted a mistrial because he was brought into the courtroom before the jury handcuffed.

Before the trial started, Johnson's attorney notified the trial judge of the fact that Johnson was brought into the courtroom in handcuffs before the jury. There was no hearing held and this simple fact was presented to the judge. The judge ruled that he could find no prejudice and denied the motion for a mistrial.

Normally, a defendant should not be brought into a courtroom handcuffed. However, such an act is not prejudicial *per se.* In this case, the defendant was charged with being an escapee from the penitentiary; he was an inmate at the time of the trial. All of this would become known to the jury during trial. There is nothing in the record to indicate what impression may have been made on the jurors, and on these facts, we cannot presume prejudice. *McCoy* v. *Wainwright,* 396 F. 2d 818 (5th Cir. 1968).

In order to justify a new trial, the error must appear to have seriously affected the fairness of the trial. Johnson did not offer any proof of prejudice and we can find no abuse of discretion by the trial judge in denying the motion for mistrial. See *Barksdale* v. *State*, 255 Ark. 272, 499 S.W. 2d 851 (1973), and *Gregory* v. *United States*, 365 F. 2d 203 (8th Cir. 1966).

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and ROY, JJ.