Alva Donald ALLARD *v.* STATE of Arkansas

CR 84-109                                    675 S.W.2d 829

Supreme Court of Arkansas
Opinion delivered October 1, 1984

*Donald R. Huffman,* Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Jack Gillean,* Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Alva Donald Allard was convicted of aggravated robbery of the Town and Country Motel, which is south of Rogers, Arkansas. He was sentenced to 40 years imprisonment.

His conviction must be reversed because the clerk of the court read to the jury the original indictment which, in addition to the charge for aggravated robbery, included two counts of theft by receiving. This was at the beginning of the trial, and the appellant moved immediately for a mistrial, which the court should have granted because there was no way this jury could hear the case and remove from its mind the fact that the appellant was also charged with two counts

of theft by receiving. The trial judge tried to admonish the jury and cure the error, but it is not the sort of error that can be so cured. He could not tell the jury it was a false statement, because it was not — the charges were pending. He could only point out that this trial was on an aggravated robbery charge. From the beginning, this defendant was not clothed with one of the constitutional benefits afforded all defendants in a criminal case, a right to a fair and impartial jury.

In *Miller* v. *State*, 239 Ark. 836, 394 S.W.2d 601 (1965), we were presented with a similar problem. The defendants had entered pleas of guilty to part of the charges in an indictment and not guilty to others. The prosecuting attorney was allowed to read that part of the charge to which the defendants had pleaded guilty. We held this was reversible error, as it destroyed the impartiality of the jury and denied the defendant due process of law. We have consistently reversed cases in which other charges or convictions were improperly brought to the attention of the jury. *Lackey* v. *State*, 283 Ark. 150, 671 S.W.2d 757 (1984). In two other Arkansas cases we held that the trial judge had not abused his discretion in denying a mistrial when testimony as to other offenses was introduced. However, in those cases the testimony was invited by the defense. *Hogan* v. *State*, 281 Ark. 250, 663 S.W.2d 726 (1984); *Hayes* v. *State*, 278 Ark. 211, 645 S.W.2d 662 (1983).

Two other arguments are raised but they are meritless. Appellant contends he was denied the constitutional right against self-incrimination in the introduction into evidence of a photograph, showing him in a ski mask, which had been rolled up, and glasses, and in his being instructed by the court to put on the glasses in the presence of the jury. He further argues that the probative value of the picture and his wearing the glasses was outweighed by the danger of unfair prejudice.

The evidence of Allard's guilt was substantial. There were three eyewitnesses to the robbery, all being in the motel office when it was robbed. They all identified Allard at the trial. He is an older man, in his fifties or sixties (he told an

officer he was 50). He entered the motel wearing a ski mask, but it was not pulled down over his face. Instead he wore it as a toboggan (a cap), rolled up, covering only the top of his head. Allard wore glasses which had dark frames and, according to one witness, had a .25 caliber automatic pistol. Two women, who worked in the office were eyewitnesses. They were unable to make a positive identification looking at photographs; however, they described the robber to a police officer who composed a likeness using an identikit.

Apparently, nothing happened in the meantime until on July 4, when one of the eyewitnesses was in a laundromat and heard a man talking; she testified she knew it was the robber; she got a good look at him and was positive. She called her employer, who called the police. An officer came immediately to the laundromat. Allard followed the officer to the station where he was told he was suspected of the robbery, was read his rights, and interrogated. Allard denied he owned a gun or robbed the motel. He said he could not recall if he was in Rogers on the date in question. A search of his vehicle produced a green ski mask with a yellow stripe, which was identified positively by the witnesses as just like the one the robber wore. A .25 caliber automatic pistol was found in the glove compartment of the vehicle and was identified by two eyewitnesses as exactly like the one used by the robber. He was arrested after the officers found the gun. He was wearing glasses when arrested.

The defense objected to a photograph being introduced as evidence, showing Allard in the ski mask, which was rolled up and worn as a toboggan, and wearing glasses described by the eyewitnesses. The purpose of the photograph was to bolster the testimony of the eyewitnesses and show they gave good descriptions of the robber to the policemen and to the officer who created the composite using the identikit. A similar objection was made when Allard was requested to put the glasses on when one of the eyewitnesses testified and identified him. Allard did not wear glasses to the trial. The argument made in both instances was regarding the prejudicial effect only. It was purely a discretionary decision for the trial judge, and we cannot say he abused that discretion. *Perry* v. *State,* 255 Ark.

378, 500, S.W.2d 387 (1973). The overwhelming weight of authority is that similar evidence is admissible. One collection of all the cases on the subject of requiring a defendant to put on clothes or assume certain poses is contained in 3 ALR 4th 374 (1981). Three Arkansas cases that bear on the point are: *Urquhart v. State,* 273 Ark. 486, 621 S.W.2d 218 (1981); *Coffey v. State,* 261 Ark. 687, 550 S.W.2d 778 (1977); *Williams v. State,* 239 Ark. 1109, 396 S.W.2d 834 (1965).

The judgment is reversed and the cause remanded for the error first discussed.

*Reversed and remanded.*

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur in the result but I would also hold that it was prejudicial error to allow the introduction of photographs of the appellant while being forced to wear clothing like that described by one of the victims. To allow such procedure could lead to the conviction of innocent people simply by being forced to put on clothing like the real criminal was wearing. Perhaps the trial court or one of the attorneys would strongly fit the description of the culprit if dressed in his clothing and forced to wear his glasses while in the presence of the jury. If this is permitted again at the trial I will dissent on the next appeal. There was plenty of valid evidence presented to convict without the state taking away the appellant's right under the Fifth Amendment to the Constitution of the United States. The next case may not have such abundance of evidence of guilt but the precedent will be there unless we correct it now.