Jesse James TERRY *v.* STATE of Arkansas

CR 90-97                                          796 S.W.2d 332

Supreme Court of Arkansas
Opinion delivered October 1, 1990

*Henry C. Morris*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kelly K. Hill*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Jesse James Terry, was found guilty of aggravated robbery and, because he was an habitual offender, was sentenced to life in prison. We need not state the facts of the robbery since appellant does not question the sufficiency of the evidence. His primary point of appeal is that the trial court erred in its ruling after he acted in a contumacious manner. The argument is without merit.

On the day of trial, appellant sought a continuance which was denied by the trial court. Appellant became upset, stated, "there ain't gonna be no court today then," and walked into the spectator area. The court asked appellant at least six times to return to the table and sit down so the trial could proceed. At one point the court warned, "I would sit down before I have them sit you in the chair." Appellant did not heed the warning, and the court finally instructed the bailiffs to "do whatever you need to do . . . [i]f you need to cuff him, cuff him." The transcript notes that a struggle ensued which lasted several minutes, requiring six officers to handcuff appellant. The entire episode took place in front of the prospective jurors. The court immediately admonished the jury to disregard the incident instructing them that it had nothing to do with appellant's guilt or innocence. Appellant was returned to his jail cell. The judge, attorneys, and court reporter followed him there. The judge informed appellant that he could return to the court room at any time as long as he did so with civility, but that the trial was going to proceed either with or without him. Appellant did not return at that immediate time, and voir dire of the jurors started without him. Shortly thereafter,

while voir dire was still proceeding, he returned to the courtroom in handcuffs.

Appellant's argument involves two distinct constitutional rights: the right of confrontation and the right to a fair trial. His removal from the courtroom raises issues concerning his right of confrontation. His being handcuffed, and the jury's observation of the melee, raise issues concerning the right to a fair trial, more particularly, his right to a jury that will presume his innocence.

## Right of Confrontation

In *Illinois* v. *Allen*, 397 U.S. 337, 338 (1970), the United States Supreme Court was faced with the issue of "whether an accused can claim the benefit of this constitutional right to remain in the courtroom while at the same time he engages in speech and conduct which is so noisy, disorderly, and disruptive that it is exceedingly difficult or wholly impossible to carry on the trial." The Court concluded that a defendant can lose his right to be present at trial if, after being warned that he will be removed from the courtroom, he nevertheless conducts himself in such a manner that his trial cannot proceed. The Court further held that the right to be present at trial could be reclaimed as soon as the defendant is willing to conduct himself in a manner that is consistent "with the decorum and respect inherent in the concept of courts and judicial proceedings." *Id.* at 343.

Appellant's right of confrontation under the sixth amendment to the Constitution of the United States was not violated. He became disruptive, and ignored the court's warnings to return to his seat. Although the court did not specifically warn appellant that he might be removed from the courtroom before he was actually removed, the court immediately suspended the trial and, along with other essential persons, went to appellant's cell to try to convince him to return to the courtroom without being opprobrious, warned appellant that the trial would proceed with or without him, and informed him that he could return at any time as long as he did so without contumacy. Appellant clearly relinquished his right to be present at his trial because of his own actions. He subsequently reclaimed the right by conducting himself in a manner consistent with the decorum that is essential in judicial proceedings.

## Presumption of Innocence

The presumption of innocence is not articulated in the Constitution of the United States; however, it is a basic component of a fair trial and the right to a fair trial is a fundamental liberty secured by the fourteenth amendment. *Estelle* v. *Williams*, 425 U.S. 501, 503 (1976). Consequently, courts must be vigilant in guarding against dilution of the presumption of innocence so that guilt will be established beyond a reasonable doubt by probative evidence. Deleterious effects on fundamental rights call for close judicial scrutiny. *Id.* at 504. Factors which might affect a juror's judgment, however, cannot always be avoided. *Id.* at 505.

In *Illinois* v. *Allen*, 397 U.S. 337, 344 (1970), the Court listed three constitutionally permissible ways for a trial judge to handle an obstreperous defendant: "(1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly." The Court recognized that shackles and gags should only be used as a last resort, not only because of the effect they might have on a jury's feelings about the defendant, but also because such measures themselves are an affront to the dignity of the court. The Court in *Williams, supra,* reaffirmed the substantial need to impose physical restraints upon contumacious defendants and noted that, "[t]he contumacious defendant brings his plight upon himself and presents the court with a limited range of alternatives. Obviously, a defendant cannot be allowed to abort a trial and frustrate the process of justice by his own acts." *Williams*, 425 U.S. at 505. In short, trial judges confronted with disruptive defendants must be given sufficient discretion to handle different situations which may arise in their courtrooms. *Illinois* v. *Allen*, 397 U.S. at 343.

A.R.Cr.P. Rule 33.1 comports with the United States Supreme Court cases on this matter:

> Defendants and witnesses shall not be subjected to physical restraint while in court unless the trial judge has found such restraint reasonably necessary to maintain order. If the trial judge orders such restraint, he shall enter into the record of the case the reasons therefor. Whenever

> physical restraint of a defendant or witness occurs in the presence of jurors trying the case, the judge shall upon request of the defendant or his attorney instruct the jury that such restraint is not to be considered in assessing the proof and determining guilt.

It is clear from the nature of appellant's outbursts and the fact that it took six officers to restrain him that the handcuffs were reasonably necessary to maintain order, both at the time of his ouster from the courtroom and continuing after his return. Further, the recorded events speak for themselves concerning the reasons for the restraint. No further reasons were required to be set forth. Finally, the trial court instructed the jury several times that they must disregard the melee in assessing the proof and determining guilt.

In summary, appellant's own conduct brought about the need for restraint. He was not denied his right to a fair trial.

Appellant's second point requires little discussion. He argues that the record is silent regarding his legal representation, or waiver thereof, on the two prior convictions used to enhance his punishment. Appellant is mistaken. The record contains two exhibits which establish that appellant was represented by counsel with respect to both of the convictions.

Pursuant to Rule 11(f) of the Rules of the Supreme Court and the Court of Appeals, an examination has been made of all motions and objections decided adversely to appellant, and we find no errors prejudicial to the rights of appellant.

Affirmed.