John CUPPLES *v.* STATE of Arkansas

CR 94-367                                    883 S.W.2d 458

Supreme Court of Arkansas
Opinion delivered September 19, 1994

*Robert P. Remet*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant John Cupples was alleged to have engaged in sexual intercourse with his daughter, M.C., who was less than fourteen years of age. Count one of the information asserts that between March 1, 1988 and March 23, 1991 Cupples engaged in sexual intercourse or deviate sexual activity with a person under the age of fourteen. Count two asserts that between March 24, 1991 and March 1, 1992, he engaged in sexual intercourse or deviate sexual activity with a person he knew to be a descendant.

M.C. testified her father had sexual intercourse with her thirteen times between the ages of eleven and fourteen. Cupples was convicted of one count of rape and one count of incest. He was sentenced to thirty five years and nine years, respectively, in the Arkansas Department of Correction. The sentences are to be served consecutively.

On appeal Cupples raises two points of error: (1) a mistrial should have been declared and (2) a hearing pursuant to the Rape Shield Statute, Ark. Code Ann. § 16-42-101(c) (Repl. 1994),

should have been held. Finding no error, we affirm the judgment of conviction.

## I.

A mistrial should have been declared due to the admission of highly prejudicial, irrelevant and hearsay evidence.

Appellant cites three segments of the trial testimony as warranting a mistrial. All three involve the testimony of two witnesses for the State, Ms. Carolyn Turner, a high school counselor, and Ms. Susan Bradberry, an employee of the Arkansas Commission on Child Abuse, Rape, and Domestic Violence.

## A.

These witnesses testified concerning a perceived improvement in the demeanor and self esteem of M.C. following her removal from the home and having undergone counselling. Appellant's objection on grounds of relevancy was overruled. In rejecting appellant's argument on appeal, we first note that a trial court's ruling on relevancy is entitled to great deference, and will be reversed only if the trial court abused its discretion. *Jones* v. *State*, 317 Ark. 131, 876 S.W.2d 262 (1994). Second, we find no motion for a mistrial pertaining to this testimony.

## B.

During Ms. Bradberry's testimony on direct examination, the following occurred:

> Q. And at some point in time did she [M.C.] tell you what has led to the filing of these charges?

> A. Yes, she did.

Counsel for the defense objected on the grounds the State violated an understanding between counsel that the testimony of Ms. Turner and Ms. Bradberry would be limited to M.C.'s behavior and there would be no testimony as to what M.C. actually told them. The trial court sustained the objection. Subsequently, the defense moved for a mistrial, arguing that the State had exceeded the restriction. The motion was denied but the trial

court expressed its willingness to give a cautionary instruction. After a brief discussion, the court concluded, "I think the best thing we can do, unless you all have some cautionary you want me to give, is just drop it, and go on and do the cross of the witness if you have any." Counsel for the defense did not offer a cautionary instruction and expressed no further complaint.

Declaring a mistrial is certainly a drastic remedy, and proper only where the error is beyond repair and cannot be corrected by any curative relief. *Drymon* v. *State*, 316 Ark. 799, 875 S.W.2d 73 (1994). The trial court has wide discretion in this area, and we will not reverse absent an abuse of discretion or manifest prejudice to the complaining party. *Id.* In the instant case, the trial court was in a better position to determine the effect of the remark on the jury and concluded the error was insufficient to warrant a mistrial declaration. We agree. The statement in question was not offered to prove the incident which led to the filing of the charges was true. In fact, the statement does not even reveal the incident which led to the filing of the charges. The testimony was elicited in regard to M.C.'s behavior and relationship with the counselor. A statement made out of court is not hearsay if offered for the purpose of proving the statement was made. *Jackson* v. *State*, 274 Ark. 317, 624 S.W.2d 437 (1981).

## C.

At the conclusion of Ms. Bradberry's testimony, a dispute arose in regard to M.C.'s credibility, namely, whether she had made conflicting statements concerning her stay at Harbor View, a rehabilitation facility. The appellant contends the court upheld his objection to such questioning but failed to issue either a warning or curative statement to the jury. However, the record indicates the discussion in question occurred "at the bench, out of the sound of the jury." In any event, the appellant failed to move for a mistrial or request a limiting instruction; therefore, he received the relief he requested at trial. *See Jurney* v. *State*, 298 Ark. 91, 766 S.W.2d 1 (1989).

## II.

A hearing pursuant to Ark. Code Ann. § 16-42-101(c) (Repl. 1994) should have been held.

The Rape Shield Statute, Ark. Code Ann. § 16-42-101 (Repl. 1994), broadly excludes evidence of specific instances of the victim's sexual conduct prior to the trial. *Laughlin* v. *State*, 316 Ark. 489, 872 S.W.2d 848 (1994). Under the statute, the trial court, upon proper motion, may engage in a balancing test to assess whether the probative value of the testimony sought outweighs the inflammatory nature of the testimony. *Id.* Section (c) of the Rape Shield Statute provides in part:

> (2)(A) A hearing on the motion shall be held in camera no later than three (3) days before the trial is scheduled to begin, or at such later time as the court may for good cause permit.

The defense filed a pre-trial motion requesting a hearing pursuant to § 16-42-101(c). The motion alleged the complaining witness had made inconsistent statements regarding her sexual activity and she had made accusations of sexual misconduct against others which were false.

A pre-trial hearing was held regarding a defense motion for discovery of medical records and reports. The defense sought medical records and reports from several institutions where M.C. had been institutionalized since the alleged incidents. At that hearing, the defense discussed the motion for admissibility of the alleged prior sexual conduct. The defense contended the medical information was needed in order to conduct the hearing pursuant to § 16-42-101(c). Although the requested medical records were obtained, there is no indication in the record the hearing pursuant to § 16-42-101(c) was held. However, there is no showing the appellant pursued the matter. The only references in the record to the § 16-42-101(c) hearing occured in the pre-trial motion and the discovery hearing. There is no indication the appellant ever raised the issue after the discovery hearing. It is the duty of the appellant to obtain a ruling on his motions. *King* v. *State*, 298 Ark. 476, 769 S.W.2d 407 (1989). An appellant may not claim reversible error based on his or her own error at trial. *Drymon* v. *State*, 316 Ark. 799, 875 S.W.2d 73 (1994).

The Rape Shield Statute clearly provides that a hearing shall be held on a motion. *Drymon.* In *Drymon*, we found good cause existed for holding the hearing within three days of

the trial because the trial court stated it was unaware of the motion which had been filed. We concluded it is the defendant's *"responsibility to pursue the motion and to bring the matter of a hearing to the court's attention."* (Emphasis supplied.) Similarly, it was Cupples' responsibility to pursue the motion and bring the matter of a hearing to the court's attention. Further, appellant's failure to proffer the evidence defeats the argument. *Gaines* v. *State*, 313 Ark. 561, 855 S.W.2d 956 (1993). On numerous occasions, where the defense sought to introduce evidence of a rape victim's prior sexual activity but no proffer of this evidence was made, we declined to consider its admissibility on appeal. *Gaines*, supra.

For the reasons stated, we affirm the trial court's decision.