Lawrence STANLEY *v*. STATE of Arkansas

CR 95-1181          920 S.W.2d 835

Supreme Court of Arkansas
Opinion delivered April 29, 1996

*John W. Cone*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Lawrence Stanley was convicted of escape from the Department of Correction, and aggravated robbery. He was sentenced to ten years and forty-five years respectively, to be served concurrently. On appeal, he argues that the trial court erred 1) in ordering him to appear in the courtroom wearing handcuffs, and 2) in denying his motion for mistrial after the prosecutor, during opening statements, commented on other possible offenses committed by Stanley in another county. We affirm.

Stanley, along with two other inmates, escaped from a construction crew that was building a security tower at the Pine Bluff diagnostic unit by running into a wooded area. They first attempted to steal a car from a nearby residence, but fled when an elderly woman pulled a gun on them. The three subsequently entered another house after they observed a woman leave there in a pickup truck; inside the home they encountered the owner, Madison Jackson, talking on the telephone. Mr. Jackson testified that one of the inmates held a knife to his throat and that Stanley removed a rifle from the wall. The three inmates took Mr. Jackson's wallet, two rifles and his car keys, and fled in Jackson's car; Stanley drove the car. The three were later apprehended in Ouachita County.

Stanley filed a motion to sever, and was tried separately from the other two inmates. At his trial, Stanley was dressed in white prison garb and was shackled with arm and hand restraints. The trial court denied Stanley's request to have leg restraints substituted for the arm and hand restraints.

Stanley first argues that the trial court erred in ordering him to appear in the courtroom wearing handcuffs. Stanley's counsel objected to Stanley wearing handcuffs in front of the jury, and a hearing was convened in chambers concerning this matter. After the hearing, the trial court pronounced the following reasons for requiring Stanley to wear handcuffs:

> [S]ince this is an escape case and since part of the State's proof would be the fact that Mr. Stanley was an inmate in the Department of Correction, certainly his prison garb would not be prejudicial. That would be an element of proof anyway. And, also, since it was an escape case, Sergeant Coleman indicated that he — being the correctional officer in charge of security of delivering Mr. Stanley back — he felt like being in restraints were appropriate. Mr. Stanley, of course, didn't have any real problem with it. He would have preferred, as I recall he stated to the Court, that he be in leg irons as opposed to arm and hand restraints. Officer Goldman indicated that the particular restraints that they had him fitted with this morning were inconspicuous and not readily discernable to the casual observer. So, for those reasons, the Court was not persuaded that Mr. Stanley would be prejudiced in any way by that procedure.

During voir dire, Stanley's counsel asked potential jurors whether they would treat Stanley differently than any other citizen of Jefferson County because he was an inmate and wearing a white prison uniform and handcuffs. The abstract and record do not indicate any response from the jurors to this inquiry.

■ The trial court has discretion to use physical restraints on a defendant for security purposes and to maintain order in the courtroom. *Terry v. State,* 303 Ark. 270, 796 S.W.2d 332 (1990). At the time of Stanley's trial, Ark. R. Crim. P. 33.1 provided:

> Defendants and witnesses shall not be subjected to physical restraint while in court unless the trial judge has found such restraint reasonably necessary to maintain order. If the trial

judge orders such restraint, he shall enter into record of the case the reasons therefor. Whenever physical restraint of a defendant or witness occurs in the presence of jurors trying the case, the judge shall upon request of the defendant or his attorney instruct the jury that such restraint is not to be considered in assessing the proof and determining guilt.

(Effective July 10, 1995, until January 1, 1996, this rule was numbered A.R.Cr.P. Rule 33.2; after January 1, 1996, the rule shall be numbered 33.4.)

█ █ It is not prejudicial, per se, when the defendant is brought into a courtroom handcuffed. *Townsend* v. *State*, 308 Ark. 266, 824 S.W.2d 821 (1992). The United States Supreme Court has said that where it is essential to maintain dignity, order, and decorum in the courtroom, restraints may be used. *Illinois* v. *Allen*, 397 U.S. 337 (1970). This court has upheld the use of restraints where the defendant has been charged with violent offenses, engaged in disruptive behavior, or attempted escape. *See Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985) (rape, aggravated robbery, and kidnapping); *Terry, supra* (aggravated robbery); *Johnson* v. *State*, 261 Ark. 183, 546 S.W.2d 719 (1977) (escape). Stanley clearly falls into the above categories because he was charged with escape in the second degree, and also with aggravated robbery. Moreover, the trial court complied with then A.R.Cr.P. Rule 33.1 by stating on the record its reasons requiring Stanley to wear handcuffs.

In *Johnson*, this court stated that the fact that Johnson was an inmate charged with escaping from the penitentiary would become known to the jury during trial; since there was nothing in the record to indicate what impression this might have made on the jurors, this court determined that it could not presume prejudice. *Johnson, supra.*

█ In this instance, Stanley has not presented any proof of prejudice, and the abstract and record of the voir dire do not substantiate Stanley's allegations that prejudice resulted from the use of handcuffs. *See Woods* v. *State*, 40 Ark. App. 204, 846 S.W.2d 186 (1993).

█ Further, under Rule 33.1 of the Arkansas Rules of Criminal Procedure, "the judge shall upon request of the defendant or his attorney instruct the jury that such restraint is not to be considered in assessing the proof and determining guilt." It does not

appear from the abstract or the record that Stanley requested this instruction; the failure to do so will not inure to his benefit. Consequently, we cannot say that the trial court abused its discretion in requiring Stanley to wear handcuffs.

Stanley also contends that the trial court erred in denying his motion for mistrial because of certain comments made in the State's opening statement. Stanley argues that it was improper and prejudicial for the state to suggest that he had committed other offenses outside of Jefferson County. The prosecutor's remarks which Stanley finds objectionable are as follows:

> Now, that day they ran on out of Jefferson County and they drove to some other counties and they were eventually captured in Ouachita County and returned. *But we cannot today concern ourselves with the offenses that occurred in another county. We're just going to be talking about Jefferson County.*

(Emphasis added.) Stanley's counsel moved for a mistrial; the trial court denied the motion, but offered to admonish the jury to disregard the State's comment. Stanley declined the offer of an admonition so as not to further call the jury's attention to the remark.

We have said that declaring a mistrial is a drastic remedy and proper only where the error is beyond repair and cannot be corrected by any curative relief. *Cupples v. State*, 318 Ark. 28, 883 S.W.2d 458 (1994). The trial court has wide discretion in granting or denying a motion for mistrial, and should resort to mistrial only where the error complained of is so prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial itself has been manifestly affected. *Stewart v. State*, 320 Ark. 75, 894 S.W.2d 930 (1995).

We have consistently upheld the trial court's denial of mistrial where, by chance remark, it was brought out that the defendant had prior arrests, prior convictions, or committed other unspecified crimes, or where the remark is invited by the defense. *Cleveland v. State*, 315 Ark. 91, 865 S.W.2d 285 (1993) (venireperson remarked that her husband, a police officer, had arrested Cleveland several times); *Novak v. State*, 287 Ark. 271, 698 S.W.2d 499 (1985) (police officer on the jury panel stated that he had arrested Novak several times in the past); *McFarland v. State*, 284 Ark. 533, 684 S.W.2d 233 (1985) (witness remarked that appellant was still facing criminal

charges in another county); *Sanders* v. *State*, 277 Ark. 159, 639 S.W.2d 733 (1982) (police officers mentioned seeing controlled substances in the defendant's bedroom and collecting evidence on another charge); *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 285 (1982) (psychiatrist for the prosecution stated that he had access to defendant's prison records). *Hogan* v. *State*, 281 Ark. 250, 663 S.W.2d 726 (1984) (testimony as to other offenses invited by the defense).

However, in this instance the prosecutor, not a witness, commented on other crimes during the guilt phase of Stanley's trial. Such remarks can hardly be characterized as inadvertent when uttered by a prosecutor. Nor was the comment, coming during opening statements, invited by the defendant.

In *Allard* v. *State*, 283 Ark. 317, 675 S.W.2d 829 (1984), this court reversed the conviction where the court clerk read at the beginning of trial on a robbery charge, the original indictment which contained two counts of theft. We said that an admonishment to the jury was not sufficient to cure the error and that the defendant was not afforded a fair and impartial jury. *Id.*

However, in *Heard* v. *State*, 322 Ark. 553, 910 S.W.2d 663 (1995), we upheld the trial court's denial of a mistrial where the prosecutor asked a defense witness whether he had been at the same penitentiary with Heard. The question was not answered, and Heard did not request that the jury be admonished to disregard the comment. We concluded that an admonishment would have been sufficient to cure the error and that Heard could not benefit from the failure to request a curative instruction. *Id.*

In the instant case, despite the prosecutor's reference to "other offenses," there is no evidence in the abstract or record that Stanley was charged with or committed any other offenses before he was recaptured in Ouachita County. During the trial, the State presented no evidence of any of the events which transpired after Stanley drove away from the Jackson home. Although a statement given by Stanley was introduced into evidence, that portion of the statement which covered Stanley's actions after leaving the Jackson residence was excised.

However, Stanley testified during his trial, and admitted to the escape and to most of the events that took place at the Jackson home. He also testified that he "jumped out of the car and ran" and was arrested "down in Ouachita County." He further testified that

he had not been charged with any crimes other than the escape and aggravated robbery.

■ In this instance, the reference by the prosecutor to "other offenses," although improper, did not result in prejudice to Stanley. The offenses were not specified. *See Novak* and *McFarland, supra.* There was overwhelming evidence of Stanley's guilt, from both the state's case and Stanley's testimony. As in *Heard, supra,* an admonition would have been sufficient to cure the reference to other offenses. Stanley's failure to request such relief will not inure to his benefit on appeal.

Affirmed.

JESSON, C.J., and GLAZE, J., concur in part.

TOM GLAZE, Justice, concurring in part. I fully agree with the majority as to point one, but concur regarding point two — its holding that the prosecutor's reference to "other offenses" was error, albeit unprejudicial. I believe no error was committed.

It should be kept in mind that appellant Lawrence Stanley was being tried both for aggravated robbery *and escape*. Accordingly, the jury was entitled to hear evidence of Stanley's conduct, including other offenses, up until the time he was apprehended.

It is also significant that the record reflects that the only other offense or conduct committed by Stanley was a speeding violation. Thus, assuming the prosecutor's remark suggested a graver offense than speeding was involved, that remark could easily have been rectified by an admonishment or cautionary statement by the trial court. Stanley failed to request an admonition. For that reason alone, the trial court was correct in denying Stanley's mistrial motion.

JESSON, C.J., joins this concurrence.