Roger BRADFORD *v*. STATE of Arkansas

CR 96-172                                    947 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered June 2, 1997

*Tim R. Morris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Senior Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Roger Bradford was arrested on January 15, 1992, and found to be in possession of almost 114 grams of rock cocaine as well as some cocaine in powdered form. Mr. Bradford was not tried until June 22, 1995. He was convicted of possession of a controlled substance with intent to deliver, Ark. Code Ann. § 5-64-401(a)(ii) (Supp. 1995), and sentenced to life imprisonment.

Arkansas R. Crim. P. 28.2 requires that one who has been continuously held in custody after arrest be tried within twelve months. Rule 28.3 provides excepted periods of time in calculating the twelve-month period. Mr. Bradford concedes that his acts, including motions for continuances having to do with changing counsel (two of whom he attacked physically, one in the courtroom in the jury's presence) and an escape, resulted in sufficient excepted periods so as to bring the time charged to the State within twelve months. He argues, however, that none of the time between his arrest and June 28, 1994, should have been charged to him because until that date no information or amended information against him bore a clerk's file mark.

Mr. Bradford also argues that he was improperly restrained at the outset of the trial, that the prosecutor referred improperly to his failure to testify, and that the Trial Court should have recused from the case. We conclude that the lack of a file mark on the information had no impact on the decision whether Mr. Bradford

had been accorded a speedy trial pursuant to Rule 28, and we find no merit in the other points.

## 1. Speedy trial

During oral argument before us, Mr. Bradford's counsel, who was appointed to represent him on appeal and did not represent him at the trial, explained his emphasis on the lack of a file mark on the information and amended information which appeared in the file prior to June 28, 1994. He aimed to convince us that none of the time which would ordinarily be charged to Mr. Bradford pursuant to Rule 28.3 should count against him because he had not been properly charged. His brief cites cases in which we have held that an indictment must be brought into open court, *McKenzie v. State*, 24 Ark. 636 (1867), and it is the return of the indictment that gives the court jurisdiction. *Shinn v. State*, 93 Ark. 290 (1910). The suggested analogue is that an information that may be in the file but not marked as having been filed on a certain date does not give a court jurisdiction to attribute to a defendant responsibility for the passage of time in considering a speedy-trial motion. No authority directly in support of that proposition is cited, and we have found none.

■ While we appreciate the ingenuity of counsel's argument, we cannot agree with it. Mr. Bradford and his trial counsel were aware of the information charging Mr. Bradford with possession of cocaine with the intent to deliver. Indeed, some six days after he was arrested Mr. Bradford entered a plea of not guilty to that charge. As noted above, Rule 28.2 provides that the twelve-month period runs from the date of arrest for a person who has been held in custody, and not from the date of the filing of the information. Whether or not the Trial Court had jurisdiction of Mr. Bradford at the time his actions were delaying the trial, it clearly had jurisdiction of him when his speedy-trial motion was denied. Absent authority to the contrary, we hold no error occurred.

## 2. Physical restraint

On the morning of his trial, Mr. Bradford launched a physical attack upon his attorney in the courtroom. After the two were separated, Mr. Bradford asked to address the Court. The Judge denied his request, but Mr. Bradford repeated it more than once. After two warnings, the bailiff was ordered to place tape upon Mr. Bradford's mouth to restrain him from speaking. It was removed after *voir dire* was completed. Counsel moved to quash the jury panel on the ground that the jurors were tainted by having witnessed the incident. The motion was denied. The jurors were admonished to disregard the incident, and they were told that it had nothing to do with the guilt or innocence of the accused.

■ Restraint of a defendant is not prejudicial *per se*. The decision lies within the discretion of the Trial Court. *Stanley v. State*, 324 Ark. 310, 920 S.W.2d 835 (1996). *See Illinois v. Allen*, 397 U.S. 337 (1970). In this case, the Trial Court did no more than was appropriate to restrain the defendant, and there clearly was no abuse of discretion.

## 3. Prosecutor's remark

In his closing argument to the jury, the prosecutor stated there was "no dispute" that Mr. Bradford was found with the drugs in his possession. Mr. Bradford's counsel sought a mistrial on the ground that the remark called the jury's attention to the fact that Mr. Bradford had exercised his right not to testify.

■ Mistrial was not justified. A prosecutor may refer to the undisputed nature of testimony when the State's evidence could have been disputed by evidence other than the testimony of the accused. *Richmond v. State*, 320 Ark. 566, 899 S.W.2d 64 (1995); *Beebe v. State*, 301 Ark. 430, 784 S.W.2d 765 (1990).

## 4. Recusal

Mr. Bradford wrote a letter to the Trial Court in which he admitted to being in possession of cocaine but denied selling it. Mr. Bradford's counsel moved the Trial Court to recuse on the

ground that the Court would be prejudiced by the information that the accused had possessed the drug. The motion was denied.

■ The matter of recusal on the ground of alleged bias is left within the "conscience" or discretion of the judge in question. *Noland v. Noland,* 326 Ark. 617, 932 S.W.2d 341 (1996). The party seeking recusal must demonstrate the alleged bias. *Turner v. State,* 325 Ark. 237, 926 S.W.2d 843 (1996). We hold no bias has been demonstrated here, and we have no reason to hold that recusal was required.

### 5. Rule 4-3(h) review

The record has been reviewed for errors resulting from rulings prejudicial to Mr. Bradford to which no reference has been made in the briefs, and no such rulings have been found.

Affirmed.