FAGG, Circuit Judge.
Asserting absolute quasi-judicial immunity, Officer Jeffrey Michael Hendren appeals the denial of his motion for summary judgment in this 42 U.S.C. § 1983 excessive force lawsuit brought by Paula S. Martin. The magistrate judge rejected Hendren’s immunity defense. We reverse.
We recite the facts in the light most favorable to Martin. Martin’s son was before the Gravette, Arkansas municipal court on a traffic charge. When Martin approached the bench unasked, the judge told her to sit down, twice. She refused, and the judge sent for a police officer. As Officer Hendren entered the courtroom, the judge ordered him to remove Martin. Some struggle ensued, during which Martin was struck in the face by Hendren’s arm or elbow. Holding Martin in contempt, the judge ordered Hendren to “put the cuffs on her.” Martin tried to push Hendren away. Hendren then flipped Martin face down onto the floor, handcuffed her, pulled her to her feet by the handcuffs and her hair, and led her out of court. Martin required ultrasound treatment for an injured shoulder.
After this incident, Martin brought suit under 42 U.S.C. § 1983 (1994), the Fourteenth Amendment, and state law, claiming excessive force and battery, and naming as defendants Hendren, John R. Gibbs, Hendren’s supervisor Terry M. Luker, and the City of Gravette. After the district court dismissed Gibbs as a misjoined party and transferred the ease to the magistrate judge with the parties’ consent, see 28 U.S.C. § 636(e)(1) (1994), the remaining defendants moved for judgment on the pleadings on Martin’s Fourteenth Amendment claim and summary judgment on the rest. The magistrate judge granted the City’s and Luker’s motions, but denied Hendren’s, concluding Hendren is not entitled to absolute quasi-judicial immunity. An order denying absolute immunity is immediately appealable, and we review the denial of absolute immunity de novo. See Duty v. City of Springdale, Ark., 42 F.3d 460, 462 (8th Cir.1994) (per curiam).
“Absolute quasi-judicial immunity derives from absolute judicial immunity.” Roland v. Phillips, 19 F.3d 552, 555 (11th Cir.1994). Judges are absolutely immune from suit for money damages when they act in their judicial capacity, unless their actions are “taken in the complete absence of all jurisdiction.” Duty, 42 F.3d at. 462. A judge’s absolute immunity extends to public officials for “ ‘acts they are specifically required to do under court order or at a judge’s direction.’ ” Robinson v. Freeze, 15 F.3d 107, 109 (8th Cir.1994) (quoting Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir.1988)). Like other officials, bailiffs enjoy absolute quasi-judicial immunity for actions “specifically ordered by the trial judge and related to the judicial function.” Id. In subduing Martin, Hendren was acting as a de facto bailiff, obeying specific judicial commands to restore order in the courtroom. Those orders unquestionably related to the judicial function. See Mireles v. Waco, 502 U.S. 9, 12-13, 112 S.Ct. 286, 288-89, 116 L.Ed.2d 9 (1991) (per curiam); Terry v. State, 303 Ark. 270, 796 S.W.2d 332, 335 (1990). Hendren is thus entitled to absolute quasi-judicial immunity from § 1983 liability for carrying out the judge’s orders to handcuff Martin and remove her from the courtroom.
Martin argues that even if Hendren is absolutely immune from liability for implementing the judge’s orders, Hendren ceased to act in a quasi-judicial capacity when he carried out those orders using excessive force. See Martin v. Board of County Comm’rs, 909 F.2d 402, 404-05 (10th Cir.1990) (per curiam) (holding officers not absolutely immune for using excessive force in executing arrest warrant). After Martin was decided, however, the Supreme Court held a judge’s order to use excessive force, issued in the judge’s judicial capacity, was a judicial act for which the judge retained ab *722 solute immunity. See Mireles, 502 U.S. at 12-13, 112 S.Ct. at 288-89. The Court emphasized that the nature of the function being performed, not the particular act itself, controls the judicial immunity inquiry. See id. The Court rejected the idea that the impropriety of a judge’s act strips the judge of immunity, reasoning that “[i]f-judicial immunity means anything, it means that a judge ‘will not be deprived of immunity because the action he took was in error ... or was in excess of his authority.’ ” Id. (quoting Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978) (ellipsis in Míreles)). Although the Míreles Court did not address quasi-judicial immunity, we find the Court’s reasoning persuasive in this context. Absolute quasi-judicial immunity would afford only illusory protection if it were lost the moment an officer acted improperly. Further, the officers in Martin were executing an arrest warrant away from the issuing judge’s courtroom, see Martin, 909 F.2d at 403-04, but Hendren was carrying out a judicial command in the judge’s courtroom and presence. Because judges frequently encounter disruptive individuals in their courtrooms, exposing bailiffs and other court security officers to potential liability for acting on a judge’s courtroom orders could breed a dangerous, even fatal, hesitation. “For the criminal justice system to function, ... courts must be able to assume their orders will be enforced.” Patterson v. Von Riesen, 999 F.2d 1235, 1241 (8th Cir.1993). Under the circumstances presented here, we conclude Hendren is entitled to absolute quasi-judicial immunity, and we need not speculate about hypothetical situations testing the limits of our holding.
We reverse the magistrate judge’s order and remand with directions to grant Hendren summary judgment on Martin’s § 1983 claim on the ground of absolute quasi-judicial immunity. Because no federal claims remain in this lawsuit, we also direct the magistrate judge to dismiss without prejudice Martin’s state-law claim against Hendren for battery. See Ivy v. Kimbrough, 115 F.3d 550, 552-53 (8th Cir.1997).