Robert Earl TUCKER *v.* STATE of Arkansas

CR 98-687                                              983 S.W.2d 956

Supreme Court of Arkansas
Opinion delivered January 28, 1999

*Maxie G. Kizer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

Ray Thornton, Justice. Appellant Robert Tucker, an inmate in the Tucker Maximum Security Unit of the Arkansas Department of Correction, was convicted of capital murder and sentenced to life in prison without the possibility of parole in the stabbing death of another inmate, Karlos Scales. Finding no reversible error, we affirm.

Because appellant does not challenge the sufficiency of the evidence our summary of the facts will be brief. While being observed by a security guard, appellant obtained permission to leave his cell to take a shower, but then proceeded to the victim's open cell as the security guard called for backup. A few moments later, the bleeding victim, Mr. Scales, fled from his cell with appellant in pursuit. The continuation of the stabbing was witnessed by several guards and prisoners, and was captured on a videotape of the prison area in which the murder occurred. Appellant stabbed Mr. Scales approximately sixteen times with a homemade weapon. The evidence was sufficient to establish beyond a reasonable doubt that appellant committed capital murder by purposely causing the death of another person while incarcerated in the Department of Correction. Appellant argues two points on appeal.

For appellant's first point on appeal, he argues that the trial court erred in ordering him to appear in the courtroom wearing prison clothes and restraints. The trial court has discretion to use physical restraints on a defendant for security purposes and to maintain order in the courtroom. *Stanley v. State*, 324 Ark. 310, 312, 920 S.W.2d 835, 836 (1996). The trial judge is in a better position to evaluate the potential for danger and disruptions than this court on appeal. *Woods v. State*, 40 Ark. App. 204, 206, 846 S.W.2d 186, 187 (1993). Pursuant to Ark. R. Crim. P. 33.4,

> Defendants and witnesses shall not be subjected to physical restraints while in court unless the trial court has found such restraints reasonably necessary to maintain order. If the trial judge orders such restraints, he shall enter into the record of the case the reasons therefore. Whenever physical restraint of a defendant or witness occurs in the presence of the jurors trying the case, the judge shall upon request of the defendant or his

attorney instruct the jury that such restraint is not to be considered in assessing the proof and determining the guilt.

Ark. R. Crim. P. 33.4.

██ ██ In *Stanley v. State*, 324 Ark. 310, 920 S.W.2d 835 (1996), a case with facts substantially similar to the present case, we outlined the rules for this area of the law. In *Stanley*, a defendant contested a trial court's ruling which forced him to wear prison garb and arm and hand restraints. *Stanley*, 324 Ark. at 312, 920 S.W.2d at 836. We held that it is not *per se* prejudicial when a defendant is brought into court handcuffed and that the defendant must affirmatively demonstrate prejudice. *Stanley*, 324 Ark. at 313, 920 S.W.2d at 837; *see also Williams v. State*, 304 Ark. 218, 800 S.W.2d 713 (1990). We based this holding on the language used by the United States Supreme Court that recited that where it is essential to maintain dignity, order, and decorum in the courtroom, restraints may be used. *Illinois v. Allen*, 397 U.S. 337 (1970). In *Allen*, after pointing out that "no one formula for maintaining the appropriate courtroom atmosphere will be best in all situations," the Court listed three permissible ways for a trial judge to handle an obstreperous defendant: (1) bind and gag him; (2) cite him for contempt; or (3) take him out of the courtroom until he promises to conduct himself properly. *Id.* at 343-44. Relying upon *Allen*, we have noted that we will not presume prejudice when there is nothing in the record to indicate what impression may have been made on the jurors or where the appellant did not offer any proof of prejudice. *Hill v. State*, 285 Ark. 77, 79, 685 S.W.2d 495, 496 (1992). Finally, in *Stanley*, we outlined times in which we have upheld the use of restraints including: (1) when the defendant has been charged with a violent crime; (2) when the defendant has engaged in disruptive behavior; or (3) when the defendant has attempted to escape. *Stanley*, 324 Ark. at 310, 920 S.W.2d at 837.

██ We have also recognized that when the defendant is an inmate at the state prison at the time of the trial, and these facts will be revealed during the course of the trial, any prejudice that may have resulted from having the defendant in restraints would be rendered harmless because the restraints add nothing to the trial that was not already apparent from the nature of the case. *See*

*Jefferson v. State*, 328 Ark. 23, 941 S.W.2d 404 (1997); *Williams, supra.*

The United States Supreme Court has noted that when the accused is being tried for an offense committed while in confinement, no prejudice can result from the defendant wearing prison garb because "no prejudice can result from seeing that which is already known." *Estelle v. Williams*, 425 U.S. 501, 507 (1976)(discussing a Fifth Circuit case, *Stahl v. Henderson*, 472 F.2d 556 (5th Cir. 1973), where a defendant was tried in prison clothes for murdering a fellow inmate and *certiorari* was denied).

In the case at hand, the trial court did not abuse its discretion. It was presented with two motions that dealt with the issues of wearing prison clothes and restraints. Appellant's counsel and appellant, through a *pro se* motion, requested that appellant be allowed to appear in court wearing "civilian clothing" and without the use of restraints. The judge took testimony on the motions at a pretrial hearing on the issue.

Assistant Warden Steve Outlaw from Tucker Maximum Security Unit testified that he believed that appellant was a security risk. He based this belief on the fact that appellant had received nine battery charges, one aggravated battery charge, one rape charge, seven assault charges, one setting fire charge, one possession of a firearm charge, one use of drugs charge, and one provoking and agitating a fight charge since appellant had been incarcerated. Mr. Outlaw further testified that he felt appellant should be confined in leg irons and handcuffs whenever he was outside the prison unit. Finally, he informed the court that in order to promote safety, appellant should be dressed in white prison clothes so as to stand out in a crowd if something were to happen. Mr. Outlaw suggested that this would also deter appellant from trying to escape.

In addition to this testimony, the judge took into consideration a report filed by Michael Simon, a supervising forensic psychologist from the Arkansas State Hospital, who had performed an evaluation on appellant ten days prior to the hearing. In his report, Dr. Simon stated that appellant had acted in an "opposi-

tional and passive-aggressive manner" toward the doctor and gave "evasive and flippant" responses to the questions he was asked.

The trial court judge, pursuant to Ark. R. Crim. P. 33.4, gave a detailed ruling as to why appellant's motions to wear civilian clothes and not be restrained were denied. He first acknowledged Dr. Simon's letter, then discussed the fact that the events occurred at the prison and that the jury was going to be shown a videotape of the crime scene which would make appellant's status as an inmate known to the jury. Finally, he deferred to Mr. Outlaw's experience as a warden and determined that appellant should wear restraints and prison clothes.

Appellant contends that our decision in *Townsend v. State*, 308 Ark. 266, 824 S.W.2d 821 (1992) requires that we reverse and remand. The facts in *Townsend* are not on all fours with those present in the current case. *Townsend* was being tried for breaking or entering and theft of property committed in Pulaski County. He had a prior burglary conviction but no history of violent crimes. The trial court, relying on statements overheard by the bailiff, placed leg irons, which were in full view of the jury, on Townsend throughout the trial. Townsend received a twenty-one-year sentence for the crimes. We held that the trial court had no compelling reason for the use of the restraints and that the restraints must have had a telling effect on the jury in assessing punishment. *Townsend*, 308 Ark. at 272, 824 S.W.2d at 824. Townsend's status as an inmate was not an element of the crime with which he was charged. In the present case, appellant's status as a prisoner was an essential element of the charged criminal offense, his status as an inmate was shown as part of the evidence of the crime, and he stipulated to his status as an inmate. Unlike the circumstances in *Townsend*, the jury had full knowledge that appellant was an inmate when he committed the crime. Thus, we decline to accept appellant's view as to the controlling precedential value of *Townsend*.

Here appellant has failed to show how he was prejudiced by the prison clothes and the use of restraints. Prior to the trial, appellant's counsel polled all venire persons during jury selection, inquiring as to whether the presence of prison clothes

and restraints would bias them against appellant. All potential jurors polled during this exchange answered the question negatively. During the trial, the judge gave the seated jury two admonishments regarding the issue. Here the trial court did not err, because appellant was being tried for a serious crime, he was considered dangerous by prison officials, and his status as an inmate was obvious to the jury. We have recognized these factors as legitimate reasons for the use of prison clothes and restraints. The trial judge carefully considered the matter in making his findings, as required by Ark. R. Crim. P. 33.4. We therefore hold that the trial judge did not commit error by allowing appellant to be tried in prison clothes and restraints.

For his second point on appeal, appellant argues that the trial court erroneously excluded testimony from defense witness George Kazery. Specifically, he argues that pursuant to Ark. R. Evid. 701, Kazery should have been allowed to give opinion testimony as a lay witness.

We first note that the objection made below and the trial court's ruling as to that objection involved a question of relevancy. On direct examination, appellant's attorney asked Kazery whether witnessing appellant chase the victim through the prison explained to Kazery the significance of a conversation he had heard. The State objected to the question as irrelevant. The judge held a bench conference to consider the objection. The State and appellant's attorney made arguments as to the relevancy of the testimony. During this exchange, appellant's attorney failed to argue that the testimony should be allowed pursuant to Ark. R. Evid 701 relating to opinion testimony. After listening to the arguments regarding relevancy, the judge sustained the objection. Appellant now seeks to challenge the trial court's ruling excluding this evidence based on a new argument that the witness should have been allowed to give opinion testimony as a lay witness. This argument was not presented to the trial court. We have repeatedly held that we will not address arguments, even constitutional arguments, raised for the first time on appeal. *Tabor v. State*, 333 Ark. 429, 433, 971 S.W.2d 227, 229 (1998); *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997); *Travis v. State*, 328 Ark. 442, 944 S.W.2d 206 (1997); *Dulaney v. State*, 327 Ark. 30, 937 S.W.2d

162 (1997). Because the argument we are now asked to review was not made below, we will not consider it on appeal and the trial court's ruling is affirmed.

*4-3(h) Review*

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

Affirmed.