Larry HUTCHERSON *v.* STATE of Arkansas

93-1211                                    873 S.W.2d 164

Supreme Court of Arkansas
Opinion delivered April 11, 1994

*Appellant,* pro se.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Senior Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Larry Hutcherson filed a petition for writ of habeas corpus in the Lincoln County Circuit Court in an attempt to set aside his 1976 conviction for capital felony murder rendered in Monroe County Circuit Court. He claimed the Monroe County Circuit Court lacked subject matter jurisdiction because the Interstate Agreement on Detainers Act (IAD) had been violated by authorities at the time he was convicted. The Lincoln County Circuit Court rejected Hutcherson's argument and request for writ, and Hutcherson brings this appeal from the lower court's decision. We affirm.

In 1975, Hutcherson was arrested and subsequently convicted on a federal felony charge, but before his conviction he escaped. An Arkansas state trooper was killed in Monroe County

during Hutcherson's capture. Hutcherson was convicted on the federal charge on May 14, 1975, and, in June of 1975, federal authorities released him on a detainer so the state could try him on a capital murder charge for the death of the state trooper. That trial resulted in a mistrial, but the federal authorities later released Hutcherson on a second detainer, so he could be tried again on March 17, 1976. At the second trial, he was convicted and sentenced to life imprisonment without parole. That conviction was affirmed on appeal in *Hutcherson* v. *State*, 262 Ark. 535, 558 S.W.2d 156 (1977). He has served his federal sentence and is now serving his life sentence in this state's penitentiary.

Hutcherson argues the Monroe County Circuit Court had no jurisdiction of his 1976 state murder conviction because the federal and state authorities violated the IAD, specifically, Article IV(e) of Ark. Code Ann. § 16-95-101 (1987) of that Act. That provision reads as follows:

> (e) If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

Hutcherson claims that, under the foregoing terms, the Monroe County Circuit Court lost jurisdiction of the capital felony murder charge against him after he was first tried, suffered a mistrial and returned to federal prison. That reading of the IAD is clearly distorted, since that Act merely provides an indictment, information, or complaint is invalidated only where a criminal defendant is not brought to trial on pending state charges before he is returned to federal custody. Here, Hutcherson was brought to trial, although the first trial ended in a mistrial.

 Even if Hutcherson's interpretation of the IAD had any merit — and it does not — we have held that a violation of Article IV(e) of that Act is a non-jurisdictional error and is therefore waivable by a criminal defendant. *Finley* v. *State*, 295 Ark. 357, 748 S.W.2d 643 (1988). Such an issue was one to be raised on direct appeal which Hutcherson did not do when he was tried

and convicted in 1976. *See Hutcherson*, 262 Ark. 535, 558 S.W.2d 156. This court has held repeatedly that a petition for writ of habeas corpus cannot serve as a substitute for an appeal of a criminal conviction. *See Mackey* v. *Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991); *Birchett* v. *State*, 303 Ark. 220, 795 S.W.2d 53 (1990).

Based on the foregoing authorities and reasoning, we affirm the trial court's denial of Hutcherson's request for issuance of a writ of habeas corpus.