Steven E. HILL *v.* STATE of Arkansas

CR 99-1341                                    13 S.W.3d 142

Supreme Court of Arkansas
Opinion delivered January 27, 2000

*Petitioner*, pro se.

No response.

PER CURIAM. Steven E. Hill was found guilty by a jury of murder in the second degree and was sentenced to eighteen years' imprisonment. The court of appeals affirmed. *Hill v. State*, 64 Ark. App. 31, 977 S.W.2d 234 (1998). The mandate of the court of appeals was issued on November 24, 1998. Sixty-five days later, on January 28, 1999, Hill filed in the trial court a motion seeking an extension of time to file a petition for postconviction relief pursuant to Criminal Procedure Rule 37. The motion was granted, and Hill filed his petition on February 24, 1999. The petition was denied, and Hill lodged an appeal of the order in this court. The appeal was dismissed on the ground that the petition filed in the trial court was untimely. *Hill v. State*, CR 99-1341 (December 9, 1999). Now before us is appellant Hill's *pro se* motion seeking to have the appeal reinstated.

As we said when the appeal was dismissed, Criminal Procedure Rule 37.2(c) provides in pertinent part that a petition under the rule is untimely if not filed within sixty days of the date the mandate was issued upon affirmance of the judgment. The mandate in appellant's case was issued on November 24, 1998, but appellant did not file his petition under the rule until February 24, 1999, which was ninety-two days after the mandate was issued. Appellant argues that it constitutes an injustice for his petition to be considered untimely because he was hampered in various ways in his effort to prepare the petition; and, furthermore, he relied on the fact that the lower court granted his motion for extension of time to file the Rule 37 petition.

██ ██ Neither argument can excuse the failure to file the petition within the sixty-day period provided in the rule inasmuch as the time limitations imposed in Criminal Procedure Rule 37 are jurisdictional in nature, and a circuit court cannot grant relief on an untimely petition. *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996); *Hamilton v. State*, 323 Ark. 614, 918 S.W.2d 113 (1996); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994); *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989). In *Benton v. State, supra,* the Rule 37 petition was delivered to the circuit judge who ruled on it, but it was never filed with the circuit clerk. We held that

filing the petition with the circuit clerk was critical for purposes of establishing jurisdiction. Similarly, in the case before us the Rule 37 petition was not timely filed to establish jurisdiction. Because the time limits set forth in the rule are jurisdictional in nature, a trial court cannot extend the time to file a Rule 37 petition even if a motion for extension of time is filed before the the sixty-day period allowed by Rule 37.2(c) elapses.

Motion denied.