Michael JACKSON *v.* STATE of Arkansas

CR 00-1383                                                    80 S.W.3d 756

Supreme Court of Arkansas
Opinion delivered July 11, 2002
[Dissenting opinion only.]

Tom Glaze, Justice, dissenting. This court has repeatedly held that the filing deadlines imposed by Ark. R. Crim. P. 37 are jurisdictional in nature, and that if they are not met, a circuit court lacks jurisdiction to consider a Rule 37 petition. *See, e.g., Worthem v. State,* 347 Ark. 809, 66 S.W.3d 665 (2002); *Hill v. State,* 340 Ark. 248, 13 S.W.3d 142 (2000); *Hamilton v. State,* 323 Ark. 614, 918 S.W.2d 113 (1996); *Smith v. State,* 321 Ark. 195, 900 S.W.2d 939 (1995); *Harris v. State,* 318 Ark. 599, 887 S.W.2d 514 (1994); *Bailey v. State,* 312 Ark. 180, 848 S.W.2d 391 (1993). In *Benton v. State,* 325 Ark. 246, 925 S.W.2d 401 (1996), this court held that the circuit court was without jurisdiction to consider a petition to reduce sentence when the appellant, Benton, did not file his petition with the circuit clerk, but instead "sent" the petition to the circuit judge, who ruled on it. There, this court wrote the following:

> With respect to whether the petition in this case was properly filed, the *filing of a petition for postconviction relief with the circuit clerk is critical* in that the date of the filing of such a petition determines whether the trial court has jurisdiction to consider the petition on the merits. *Delivering an item to a circuit judge is not the equivalent of filing the item with the clerk for the purposes of determining whether an item is timely filed under Rule 37.*

*Id.,* 325 Ark. at 248 (emphasis added). *See also Hamel v. State,* 338 Ark. 769, 1 S.W.3d 434 (1999) (holding that the plain language of Rule 37 is controlling and unambiguous in stating that the petition must be filed in the appropriate circuit court within the time limits specified in the rule).

Here, Jackson's conviction was affirmed by the court of appeals on November 3, 1999, and the mandate was issued on November 23, 1999. Jackson mailed his Rule 37 petition to both the circuit clerk's office and the prosecutor's office on December 1, 1999, but the copy that he mailed to the clerk's office did not arrive until January 28, 2000, the date reflected on the clerk's file stamp. This was sixty-seven days after the issuance of the court of appeals' mandate. Despite the fact that the prosecutor's office received its copy in a timely fashion and the circuit court proceeded to hear Jackson's petition on the merits, the above-cited cases make it clear that the circuit court was without jurisdiction to do so. For this reason, I would grant the State's motion to dismiss the appeal.

IMBER, J., joins this dissent.