Kevin TAYLOR *v.* STATE of Arkansas

02-545                                          125 S.W.3d 174

Supreme Court of Arkansas
Opinion delivered October 16, 2003

452

*Appellant*, pro se.

*Mike Beebe*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. On December 12, 1991, in Crittenden County Circuit Court case number 91-617, appellant entered a plea of guilty to the charge of possession of a controlled substance, and upon conviction, appellant was sentenced to ten years' imprisonment in the Arkansas Department of Correction. In April 1993, appellant was released from the sentence imposed in case number 91-617, and his sentence for this offense was discharged in July of 1996.

Also on December 12, 1991, appellant entered a plea of guilty to the charge of delivery of a controlled substance, a Class Y felony, in case number 91-756. After entry of his guilty plea, appellant received a twenty-year sentence, imposition of which was suspended.

On December 11, 1997, the State filed a petition seeking revocation of the suspension of appellant's sentence in case number 91-756. After a hearing on the State's petition, the trial court granted the petition and sentenced appellant to twenty years' imprisonment on the charge of delivery of a controlled substance. In 1998, appellant appealed the trial court's order and the court of appeals affirmed the revocation in an unpublished opinion.

On March 12, 2002, appellant filed a petition seeking a writ of *habeas corpus* in the Circuit Court of Jefferson County. In his petition, appellant argued that the trial court lacked jurisdiction and that he was "being held pursuant to an invalid conviction." Specifically, appellant argued that the original sentencing court erred when it suspended imposition of his sentence in case number 91-756 on the charge of delivery of a controlled substance. He argued that suspension of such a sentence was prohibited by statute. Next, appellant contended that the twenty-year suspended sentence imposed in case number 91-756 and the ten-year sentence that he received in case number 91-617 should have run concurrently. Finally, appellant argued that the second sentencing court erred when it sentenced him to twenty years' imprisonment without taking into account the time which he served in case number 91-617. Appellant requested that his twenty-year sentence be "dismissed or corrected."

On April 24, 2002, the Jefferson County Circuit Court entered an order denying appellant's petition. It is from this denial that appellant appeals. We reverse the circuit court's denial of appellant's petition, grant appellant's request for a writ of *habeas corpus*, and remand this case for resentencing.

We have explained the rules we follow when reviewing a petition for a writ of *habeas corpus*. Specifically, in *Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999), we wrote:

> A writ of *habeas corpus* will issue where a commitment is invalid on its face or where the sentencing court lacked subject-matter jurisdiction to enter or modify the sentence. *See, e.g., Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997), *Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). When a *habeas corpus* petition alleges that a sentence is void or illegal, we review the matter of the trial court's subject-matter jurisdiction to enter such sentences regardless of whether an objection was made to the trial court.

*Renshaw, supra.* In *Renshaw*, we also noted that detention for an illegal period of time is precisely what a writ of *habeas corpus* is designed to correct. *Id.* In order to obtain *habeas* relief a petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" he is so detained. *Flowers v. State*, 347 Ark. 760, 68 S.W.3d 289 (2002); *see also* Ark. Code Ann. § 16-112-103 (1987).

Prior to reviewing the challenge to the validity of the judgment and commitment orders entered in this matter, we will consider whether the Crittenden County Circuit Court had jurisdiction over appellant's case. In case number 91-756, appellant was charged by criminal information with the crime of selling or delivering a controlled substance. Arkansas Code Annotated § 16-88-101(a)(3) (1987) provides in relevant part:

> (a) The jurisdiction of the various courts of this state, for the trial of offenses, shall be as follows:
>
> &ast; &ast; &ast;
>
> (3) the circuit court shall have general jurisdiction for the trial of all offenses which may be prosecuted by indictment, and all prosecutions and penal actions. . . .[.]

*Id.* Based upon the foregoing statutory provision, we conclude that the Crittenden County Circuit Court had jurisdiction over case number 91-756 and had jurisdiction to accept appellant's guilty plea

entered in that case. Accordingly, any contention that the trial court lacked jurisdiction over appellant's case is without merit.

■ Additionally, before considering the merits of appellant's appeal, we note that in its brief, the State argues that appellant should have raised the issues contained in his *habeas* petition during his direct appeal. In support of its proposition, the State cites *Hutcherson v. State*, 316 Ark. 551, 873 S.W.2d 164 (1994). In *Hutcherson*, a criminal defendant was seeking a writ of *habeas corpus* after his conviction had been affirmed on appeal. Hutcherson argued that the circuit court had no jurisdiction over his conviction because the federal and state authorities had violated a federal act. *Id*. We determined that Hutcherson's argument was without merit and that his argument, *which was not jurisdictional*, should have been raised during his direct appeal. *Id*. (emphasis added). In *Hutcherson*, we also noted that a petition for writ of *habeas corpus* cannot serve as a substitute for an appeal of a criminal conviction. *Id*.

Mindful of the principles articulated in *Hutcherson*, we conclude that the State's argument is misplaced. Specifically, the issues raised in appellant's *habeas* petition involve allegations of a void or illegal sentence. We have said that we will treat allegations of void or illegal sentences similar to the way that we treat problems of subject-matter jurisdiction. *See Flowers v. State*, 347 Ark. 760, 68 S.W.3d 289 (2002), *see also Renshaw v. State*, 337 Ark. 494, 989 S.W.2d 515 (1999). Additionally, we have noted that detention for an illegal period of time is precisely what a writ of *habeas corpus* is designed to correct. *Flowers, supra*. Accordingly, because appellant's petition raises allegations of an illegal sentence, and because we have held that such allegations are appropriate for writs of *habeas corpus*, we will proceed to our consideration of the merits of appellant's petition.

In appellant's first point on appeal, he argues that the judgment and commitment order entered in case number 91-756 in December of 1991 was facially invalid. Specifically, appellant argues that the trial court was without authority to suspend imposition of his sentence in case number 91-756. Appellant further argues that because his sentence was improperly suspended in 1991, in a facially invalid judgment and commitment order, the trial court was without authority to impose the terms of that sentence in the 1998 judgment and commitment order which was issued after the trial court granted the State's revocation petition.

█ We note that in Arkansas, sentencing is entirely a matter of statute. *State v. Stephenson*, 340 Ark. 229, 9 S.W.3d 495 (2000). Sentencing may not be other than in accordance with the statute in effect at the time of the commission of the crime. *Id.* Where the law does not authorize the particular sentence pronounced by a trial court, that sentence is unauthorized and illegal, and the case must be reversed and remanded. *Id.*

We now consider whether the judgment and commitment order entered in case number 91-756 in December of 1991 was facially invalid. Appellant contends that the trial court lacked authority to impose the sentence that it entered in case number 91-756. Appellant further contends that because the trial court acted without authority, the order entered in case number 91-756 was invalid.

The order that appellant challenges sentenced appellant to twenty years' imprisonment and suspended imposition of the sentence. Appellant argues that the trial court lacked authority to suspend imposition of the sentence. In support of his argument, appellant cites Ark. Code Ann. § 5-4-301(a)(1)(F) (Supp 1991). This statute provides in relevant part:

> (a)(1) A court shall not suspend imposition of sentence as to a term of imprisonment nor place the defendant on probation for the following offenses:
>
> * * *
>
> (F) Drug related offenses under the Uniform Controlled Substances Act § 5-64-101 *et. seq.* . . . [.]

Ark. Code Ann. § 5-4-301(a)(1)(F); *see also* Ark. Code Ann. § 5-4-104(e)(1)(F) (Supp. 1991).

In case number 91-756, the case in which appellant received the twenty-year suspended sentence, appellant pleaded guilty to delivery of a controlled substance. According to the information filed in case number 91-756, the controlled substance that appellant delivered was cocaine. These actions were prohibited by the Uniform Controlled Substance Act. *See* Ark. Code Ann. § 5-64-401 (1987).

■ After reviewing the foregoing statutory provisions, we conclude that the trial court lacked authority to suspend imposition of appellant's sentence in case number 91-756 and that the judgment and commitment order entered in that case was facially invalid. Specifically, appellant pleaded guilty to delivery of a controlled substance, a Class Y Felony, which was prohibited by the Uniform Controlled Substance Act. The trial court was therefore required by statute to sentence appellant to a term of imprisonment. Rather than sentencing appellant to a term of imprisonment and executing that sentence, the trial court sentenced appellant to a twenty-year term of imprisonment and suspended imposition of that sentence. The trial court lacked statutory authority to suspend the imposition of appellant's sentence. Ark. Code Ann. § 5-4-301(a)(1)(F). Therefore, the judgment and commitment order entered in case number 91-756 in December of 1991 was facially invalid.

■ Additionally, we conclude that *habeas* relief is proper in this case because in 1998, when the State petitioned to have the suspension of appellant's sentence from case number 91-756 revoked, the trial court granted the State's petition and erroneously imposed the invalid twenty-year sentence. Because the judgement and commitment order entered in January of 1998 was based on the facially invalid judgement and commitment order entered in 1991, we conclude that the twenty-year sentence that appellant is currently serving is illegal. Because the trial court exceeded its statutory authority by suspending imposition of appellant's twenty-year sentence, and because the trial court erred in imposing a sentence from a facially invalid judgment and commitment order, we reverse the trial court's order denying appellant's petition and remand this case for resentencing. *See Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992) (holding that if the original sentence is illegal, even though partially executed, the sentencing court may correct it).

In his second point on appeal, appellant contends that the sentences that he received in case numbers 91-756 and 91-617 were to have been served concurrently. Based on this argument, appellant contends that in 1998 when his suspended sentence was revoked in case number 91-756 the trial court should have deducted the time which he served in case number 91-617 from the twenty years which it imposed. Appellant's argument is based

on the principle that multiple sentences run concurrently unless the court orders the sentences to run consecutively. *See* Ark. Code Ann. § 5-4-403(a) (Suppl. 2001). A review of the judgment and commitment orders entered in case numbers 91-617 and 91-756 does not reveal whether the trial court intended that appellant's sentences were to be served consecutively or concurrently. Thus, pursuant to Ark. Code Ann. § 5-4-403, we must assume that the sentences were to have been served concurrently. We conclude that the trial court erred when it imposed appellant's suspended sentence in case number 91-756 without taking into consideration the time which appellant served in case number 91-617. Accordingly, upon remand and resentencing the trial court should reduce appellant's sentence in case number 91-756 by the time which appellant served in case number 91-617. As previously noted, in December of 1991, appellant was sentenced to ten years' imprisonment in case number 91-617. Appellant was paroled in April of 1993, and had his sentence in case number 91-617 discharged in July of 1996.

■ In his final point on appeal, appellant argues that his case is governed by principles articulated in *Hunter v. State*, 278 Ark. 428, 645 S.W.2d 954 (1983). In *Hunter*, we were asked to review various sentences imposed on a criminal defendant. The portion of the opinion upon which appellant relies involves the imposition of two competing sentences as punishment for one crime. *Id.* In *Hunter*, after discussing the applicable statutory provisions, we concluded that the trial court erred. *Id.* Specifically, we wrote:

> Appellant was given an indefinite sentence to the Arkansas Juvenile Training School and, at the same time, the trial court attempted to suspend imposition of sentence. The crime was committed on April 29, 1980, and the statutes then in effect, Ark. Stat. Ann. 41-803(4) and 41-1204 (Repl. 1977) did not authorize a concurrent imposition of an indefinite sentence along with a suspension of imposition of an imprisonment sentence. The trial court could have provided for a sentence to imprisonment followed by suspension as to an additional term of imprisonment, Ark. Stat. Ann. 41-803(4) (Repl. 1977) or it could have provided for suspension of an imposition of a sentence of imprisonment and as an additional condition require confinement in a detentional facility for up to 90 days. Ark. Stat. Ann. 41-1204 (1), (3) (Repl. 1977). However, the trial court could not give an indefinite sentence coupled with a suspension of

imposition of sentence. Thus, the court could validly grant one judgment or the other but not both. One judgment was the imposition of a sentence and the other was the suspension of the imposition of a sentence. The sentence imposed was served. We hold that when a court grants unauthorized dual judgments of sentence and one is imposed and served, and the other is the suspension of a sentence, there is an election by operation of law and the sentencing court has elected to order the sentence actually imposed. The other is void. Thus, the definite sentence to the Training School was valid and the suspension of the imposition of the sentence of imprisonment was void.

*Hunter, supra.* (emphasis added).

Based on the foregoing language, appellant argues that "when appellant discharged his ten-year-class-C felony on July 16, 1996 [in case number 91-617], he was no longer bound by the twenty year suspended imposition of sentence [in case number 91-756] because the trial court elected by operation of law to impose the ten year class C felony." Appellant's argument is misplaced. Specifically, in appellant's case, unlike in *Hunter*, unauthorized dual judgments were not entered. In the case now before us, two sentences were entered in two separate cases. The void or illegal sentence was entered in case number 91-756. This sentence is separate and distinct from the valid sentence entered in case number 91-617. Because unauthorized dual judgments were not entered in either of appellant's cases, no operation of law occurred. Additionally, because there was no election by operation of law involved in appellant's cases, the completion of the sentence in case number 91-617 does not operate to relieve appellant from serving a valid sentence for the crime to which he pleaded guilty in case number 91-756. Accordingly, appellant's third point on appeal is without merit.

In his reply brief, appellant cites Rule 26.1 of the Arkansas Rules of Criminal Procedure, and seems to be arguing that his petition for *habeas* relief should have been granted because if he had known that his twenty-year sentence could not be suspended in case number 91-756, he would have withdrawn his guilty plea.[1] We cannot consider appellant's argument because he

---

[1] Rule 26. 1 provides in part:

is attempting to raise a new argument in his reply brief. *See City of Dover v. A. G. Barton*, 342 Ark. 521, 29 S.W.3d 698 (2000) (holding we do not consider arguments made for the first time in appellant's reply brief). Additionally, after reviewing appellant's petition, we conclude that this argument was not presented to the trial court. Accordingly, we are precluded from considering this argument on appeal. *See Tucker v. State*, 336 Ark. 244, 983 S.W.2d 956 (1999) (holding we will not address arguments raised for the first time on appeal).

Reversed and remanded.

GLAZE, BROWN, and IMBER, JJ., concur.

TOM GLAZE, Justice, concurring. The circuit court's decision to deny petitioner Kevin Taylor's request for a writ of habeas corpus should clearly be affirmed. On December 12, 1991,

---

(a) A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right before it has been accepted by the court. A defendant may not withdraw his or her plea of guilty or nolo contendere as a matter of right after it has been accepted by the court; however, before entry of judgment, the court in its discretion may allow the defendant to withdraw his or her plea to correct a manifest injustice if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his or her motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea. A plea of guilty or nolo contendere may not be withdrawn under this rule after entry of judgment.

(b) Withdrawal of a plea of guilty or nolo contendere shall be deemed to be necessary to correct a manifest injustice if the defendant proves to the satisfaction of the court that:

\* \* \*

(iv) he or she did not receive the charge or sentence concessions contemplated by a plea agreement and the prosecuting attorney failed to seek or not to oppose the concessions as promised in the plea agreement; or

(v) he or she did not receive the charge or sentence concessions contemplated by a plea agreement in which the trial court had indicated its concurrence and the defendant did not affirm the plea after receiving advice that the court had withdrawn its indicated concurrence and after an opportunity to either affirm or withdraw the plea.

*Id.*

Taylor pled guilty in criminal case number 91-756 to possession of a controlled substance with intent to deliver — a Class Y felony. He was given a twenty-year suspended imposition of sentence. On the same day, Taylor pled guilty in criminal case number 91-617 to possession of a controlled substance, a Class C felony, and sentenced to ten years' imprisonment. Taylor was discharged from his ten-year sentence in the 91-617 case. Following Taylor's discharge and release, Taylor was found guilty of violating his terms of probation in case number 91-756, by attempting to possess cocaine and for associating with known criminals. The trial court then revoked Taylor's twenty-year suspended sentence given in 91-756.

Taylor appealed the trial court's revocation decision, and his sole argument was that the State's evidence was insufficient; the court of appeals rejected Taylor's argument in an unpublished opinion. *Taylor v. State*, CACR 98-363 (Ark. Ct. App. Oct. 14, 1998). After returning to prison, Taylor filed a pro se petition and brief requesting a writ of habeas corpus, which the trial court denied. This appeal ensued.

Taylor's major argument below, and in this appeal, is that, when he pled guilty in the 91-756 drug offense, the trial court erred because it had no authority to impose a twenty-year suspended sentence because the drug offense to which he pled guilty was a Class Y felony. At that time, December 18, 1991, the statutory law prohibited the courts from suspending imposition of sentence for a Class Y felony. Nor did the law in 1991 empower courts to place a defendant on probation for drug related offenses under the Uniform Controlled Substances Act. *See* Ark. Code Ann. § 5-4-301(a)(1)(F) (Supp. 1991).[1] In other words, the trial court was required to sentence Taylor to a term of imprisonment, not a suspended sentence, since sentencing may not be other than in accordance with the statute in effect at the time of the commission of the crime. *See State v. Stephenson*, 340 Ark. 229, 9 S.W.3d 495 (2000). Taylor submits that, because the trial court had no authority to impose the suspended sentence in 1991, the sentence is illegal, facially invalid, and a writ of habeas corpus should be issued to correct Taylor's illegal sentence. He urges that, because

---

[1] Act 192 of 1993 removed the language prohibiting such suspended sentences and probation sentences.

his sentence is void, this court should order Taylor's immediate release.

The majority opinion is correct in deciding that, although the suspended sentence given Taylor appeared to favor him, the suspended sentence was (and is) illegal. However, habeas corpus is not Taylor's remedy, nor should he be released from custody, as Taylor asks. The law is well settled that a writ of habeas corpus will not be issued as a substitute for post-conviction relief. *Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Here, Taylor's conviction and sentence were imposed in 1991, when our statutory law provided that a circuit court could correct an illegal sentence at any time. *See* Ark. Code Ann. § 16-90-111(a) (1991); *see also Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992) (court held § 16-90-111(a) provided illegal sentences may be corrected at any time). The *Bangs* court further stated the general rule that, if the original sentence is illegal, even though partially executed, the sentencing court may correct it pursuant to § 16-90-111(a) (Supp. 1991). The court in *Bangs* also held that, where an error has nothing to do with the issue of guilt or innocence and relates only to punishment, the appellate court may correct the error in lieu of reversing and remanding the case. *Id.* at 294.

In the circumstances presented this court by Taylor's illegal sentence, the court is correct in reversing and remanding this matter to the trial court in accord with § 16-90-111(a), so that the court can impose a sentence in accordance with Ark. Code Ann. § 5-4-401(a)(1) and § 5-4-104(c)(1) (Repl. 1997). The majority court is wrong, however, to mention habeas corpus, which I will explain later.

In remanding this case, the trial court should be directed to give Taylor credit for the imprisonment he served, since the record appears to reflect the trial court never ruled that case numbers 91-617 and 91-756 would run consecutively, causing the sentences in the two cases to run concurrently.

Before ending this opinion, I want to offer the bench and bar a *caveat*. Presently, there is a clear conflict between this court's Rule 37 and § 16-90-111(a). This court plainly stated in *Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999), that § 16-90-111(a) has been superceded by the time limitations in Ark. R. Crim. P. Rules 37.1 and 37.2(b) and (c), which provide for postconviction relief

when a defendant is in custody. Rule 37.2(b) provides that *all* grounds for postconviction relief from a sentence imposed by a circuit court, *including claims that a sentence is illegal or was illegally imposed must be raised in a petition under Rule 37. See also* Rule 37.1(a)-(d) and Rule 37.2(c). Rule 37.2(c) established a ninety-day limitation within which a petition must be filed from the date sentence was pronounced.[2]

The foregoing Rule 37 provisions are jurisdictional, and a circuit court cannot grant postconviction relief on an untimely petition. *See Hill v. State,* 340 Ark. 248, 13 S.W.3d 142 (2000); *Harris v. State,* 318 Ark. 599, 887 S.W.2d 514 (1994). In the present case, if Taylor had been required to file a petition under Rule 37, he would have been procedurally barred by the Rule's ninety-day limitation. Only because his illegal sentence had been imposed in 1991 was he availed the defense under § 16-90-111, which was in effect then and permitted Taylor to challenge his illegal sentence *at any time.*

In conclusion, it should be briefly stated that, while Rule 37 provides a postconviction remedy to correct an illegal sentence if sought within certain time limitations, this court's case law has allowed prisoners to petition to correct an illegal sentence at any time because such a sentence is void and similar to problems of subject-matter jurisdiction in that the court reviews such allegations whether or not an objection was made to the trial court. *See Renshaw v. Norris,* 337 Ark. 494, 989 S.W.2d 515 (1999); *see also Bangs, supra; Lambert v. State,* 286 Ark. 409, 692 S.W.2d 238 (1985). It appears this analysis first surfaced in *Lambert,* where this court held that, where a trial court exceeded its authority when imposing an illegal sentence, it became a question of subject-matter jurisdiction, which could not be waived by the parties. The *Lambert* case was wrong.

Of course, a circuit court does have authority to try criminal cases and to impose sentences. In other words, the trial court in this case clearly had subject-matter jurisdiction to impose Taylor's

---

[2] In light of the confusion concerning this court's application of our case law and Rule 37, it is noteworthy to recall that a state procedural rule only prevents federal review when the rule is firmly established and regularly followed. *See Dixon v. Dormire,* 263 F.3d 774, 781 (8th Cir. 2001); *see also Ford v. Georgia,* 498 U.S. 411, 424 (1991) (state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed at the time it was applied by the state court.")

sentence. As a consequence, the Arkansas constitutional writ of habeas corpus is not applicable here since a writ will issue (1) where a commitment is invalid on its face or (2) where the sentencing court lacked subject-matter jurisdiction to enter or modify the sentence. See Sawyer v. State, 327 Ark. 421, 938 S.W.2d 843 (1997). It is true that a remedy was required to be in place to correct illegal sentences. The General Assembly, by enacting § 16-90-111, and this court by subsequently promulgating Rule 37 in 1994, provided that remedy. In particular, see Rule 37.2(c) which authorizes such postconviction remedy *if* the petitioner filed such request within the sixty-day or ninety-day periods provided in the rule.

One of the major purposes for Rule 37.2(c) was to bring some finality to postconviction remedies, so such proceedings would not arise many years after the petitioner's direct appeal had ended. The federal courts, too, have been restricted by a one-year limitations period provided in the Anti-terrorism and Effective Death Penalty Act. To obtain habeas relief in federal court, the petitioner must exhaust state remedies, see 28 U.S.C. § 2244(d)(1). The one-year limitations period can be tolled by the timely and proper filing of state postconviction or other collateral proceedings and can be equitably tolled as well. See Cross-Bey v. Gammon, 322 F.3d 1012 (8th Cir. 2003).

In conclusion, I point out that some of these concerns expressed here were touched on in my dissent in Renshaw, 337 Ark. 494, 989 S.W.2d 575 (1991). While the majority court held there is no time limit on pursuing a writ of habeas corpus, the petitioner still is required to show the trial court did not have subject-matter jurisdiction in this case to impose Taylor's sentence. Even so, this court's Rule 37 grants the petitioner a clear remedy for correcting an illegal sentence by a circuit court that has jurisdiction. As the law now stands, the existing limitation language in Rule 37.2(c) has no effect whatsoever. This court should either do away with Rule 37 or decide henceforth that the Rule 37 provisions will be recognized. There is a legion of cases where this court has held that Rule 37 relief is jurisdictional and has dismissed because the petitioners were late in filing their requests within the

rule's time requirements.[3] The court needs to offer some clarity to its postconviction procedures and case law. There is no better time than the present.

R OBERT L. BROWN, Justice, concurring. I write to emphasize that while Arkansas Rule of Criminal Procedure 37.2 prescribes time limits for postconviction relief that superseded our state statute dealing with illegal sentences [Ark. Code Ann. § 16-90-111 (1987)], it does not and cannot supersede the privilege of the writ of *habeas corpus* guaranteed to our citizens under the Arkansas Constitution. Article 2, section 11, of the Arkansas Constitution provides: "The privilege of the writ of *habeas corpus* shall not be suspended except by the General Assembly, in case of rebellion, insurrection or invasion when the public safety may require it." Rule 37 is a court-adopted rule that (1) was not enacted by the General Assembly, and (2) does not pertain to "rebellion, insurrection or invasion." Accordingly, Rule 37 does not suspend in any way a citizen's privilege to *habeas corpus* relief.

We said as much in *Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999). In addressing whether *habeas corpus* relief was subject to any time limits, we said:

> The question then becomes whether there are time limits on when a petition must file a writ of *habeas corpus* based on an illegal sentence. Certainly, a petitioner cannot waive a court's lack of subject-matter jurisdiction. And neither the Arkansas Constitution nor the state statutes place a time limit on pursuing a writ of *habeas corpus*. Indeed, to do so would contravene the proscription against suspending the right to *habeas corpus*.

337 Ark. at 499, 989 S.W.2d at 518. We further underscored in *Renshaw* that when the circuit court imposes an illegal sentence without authority to do so, that raises the question of whether the court had subject-matter jurisdiction to enter such a sentence.

---

[3] *See Goins v. State*, CR02-972 (10-9-03) (the *Goins* opinion is not designated for publication, but it is an example of how this court routinely hands down per curiams enforcing the limitations in Rule 37). *See* the attached *Goins* opinion.

That is precisely the issue before us in this case. The petition for writ of *habeas corpus* was filed by Taylor beyond the time limits of postconviction relief. Regardless of that fact, the constitutional remedy of *habeas corpus* is not subject to those time constraints. To hold otherwise would be to suspend the privilege of *habeas corpus* which the constitution specifically directs we cannot do.

For these reasons, I disagree with the concurring opinion that urges this court to subject the privilege of *habeas corpus* to the same time constraints this court placed on postconviction relief under Rule 37.2. To do that would be to overrule *Renshaw v. Norris, supra,* and suspend the writ for all petitions filed after the Rule 37.2 limits. It is clear we cannot do this without an amendment to the Arkansas Constitution.

Moreover, to truncate the privilege of *habeas corpus* would be to perpetuate an injustice in cases where a circuit court sentenced a defendant to a term of years in excess of its statutory authority. Were we to hold that a defendant had no recourse after the Rule 37.2 times of 60 days (following an appeal) or 90 days (following a guilty plea or trial) had passed, the defendant would be left without a state remedy. That would be a horrendous state of affairs, especially when our state constitution guarantees and memorializes the time-honored remedy of *habeas corpus* for illegal detentions.

For these reasons, I concur with the majority opinion.

IMBER, J., joins.

ANNABELLE CLINTON IMBER, Justice, concurring. It is paramount to recognize that Article 2, Section 11 of the Constitution of Arkansas guarantees the efficacy of the petition for writ of *habeas corpus* and does not place a time limit on the exercise of the right of one who is being detained without lawful authority to apply for issuance of the writ. Indeed, the Arkansas Constitution expressly disallows suspension of the writ, "except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." Ark. Const. Art. 2, § 11. Review under the doctrine of *habeas corpus* is limited to two claims: whether the trial court lacked jurisdiction or whether the petitioner's judgment and commitment order was invalid on its face. *E.g., Flowers v. Norris,* 347 Ark. 437, 68 S.W.3d 289 (2002).

We have consistently held that an illegal sentence is one which is illegal "on its face." *E.g., Abdullah v. State,* 290 Ark. 537, 720 S.W.2d 313 (1986). An illegal sentence is a void sentence because the trial court lacked authority to impose it. *See Renshaw v. Norris,* 337 Ark. 494, 989 S.W.2d 515 (1999). A valid sentence may not be modified once executed, but an illegal sentence, even though partially executed, may be corrected. *Lambert v. State,* 286 Ark. 408, 692 S.W.2d 238 (1985). The remedy for an illegal sentence is not dismissal of all related proceedings and release from imprisonment; the general rule is that the original sentence, even though partially executed, may be corrected by the sentencing court. *Bangs v. State,* 310 Ark. 235, 835 S.W.2d 294 (1992). An excessive sentence upon a lawful conviction is not absolutely void, so as to entitle the prisoner to be discharged on *habeas corpus. In re Bonner,* 151 U.S. 242 (1894).

Where an error has nothing to do with the issue of guilt or innocence and relates only to punishment, the appellate court may correct it in lieu of reversing and remanding. *Harness v. State,* 352 Ark. 335, 101 S.W.3d 235 (2003); *State v. Fountain,* 350 Ark. 437, 88 S.W.3d 411 (2002); *Thomas v. State,* 349 Ark. 447, 79 S.W.3d 347 (2002); *Renshaw v. Norris, supra; Roberts v. State,* 324 Ark. 68, 919 S.W.2d 192 (1996); *Bangs, supra; Richards v. State,* 309 Ark. 133, 827 S.W.2d 155 (1992); *McConahay v. State,* 257 Ark. 328, 516 S.W.2d 887 (1974).

Convicted defendants have three traditional avenues for the correction of an illegal sentence: a petition to correct sentence pursuant to Ark. Code Ann. § 16-90-111, a petition for postconviction relief pursuant to Criminal Procedure Rule 37.1, and a petition for writ of *habeas corpus.* It is important to delineate among those remedies and to emphasize that only *habeas corpus* allows for the correction of an illegal sentence *at any time.*

In all three available remedies, we have consistently held that no objection was necessary at trial as the issue may be raised for the first time on appeal or in a petition for postconviction relief because a circuit court acting in excess of its authority in sentencing can be likened to a matter of subject matter jurisdiction; hence, the issue can be raised *sua sponte. E.g., Harness v. State, supra; Mayes v. State,* 351 Ark. 26, 89 S.W.3d 926 (2002); *Thomas v. State,* 349 Ark. 447, 79 S.W.3d 347 (2002); *Waddle v. Sargent,* 313 Ark. 539, 855 S.W.2d 919 (1993); *DeHart v. State,* 312 Ark. 323, 849 S.W.2d 497 (1993); *Bangs v. State, supra; Lambert v. State, supra. See also*

*Timmons v. State*, 81 Ark. App. 219, 100 S.W.3d 52, (2003)*; Palmer v. State*, 31 Ark. App. 97, 788 S.W.2d 248 (1990)*; Jones v. State*, 27 Ark. App. 24, 765 S.W.2d 15 (1989). This is not to say, however, that time limits cannot be placed on raising the issue of whether a sentence is illegal when the assertion of error is made under Rule 37.1 or under Ark. Code Ann. § 16-90-111.

Arkansas Rule of Criminal Procedure 37.2(b) allows for the correction of an illegal sentence by the trial court, including a sentence imposed pursuant to a plea of guilty, provided that the claim is addressed to the court with the time constraints set by the rule.[1] Rule 37.2(c) mandates a time limit of ninety days following a plea of guilty or sixty days following the issuance of the appellate mandate when a petitioner seeks to correct an illegal sentence or a sentence imposed in an illegal manner. Time limitations imposed in Rule 37.2(c) are *jurisdictional* in nature, and a circuit court cannot grant relief on an untimely petition regardless of the merits of claims contained in it. *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996); *Hamilton v. State*, 323 Ark. 614, 918 S.W.2d 113 (1996); *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994); *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989).

Arkansas Code Annotated § 16-90-111 provides that a circuit court may correct an illegal sentence at any time, and may correct a sentence imposed in an illegal manner within either ninety days from the imposition of sentence or sixty days from the issuance of an appellate mandate. The time limits imposed by Rule 37.2(c), however, supersede those in § 16-90-111, and thus a court may not correct an illegal sentence under § 16-90-111 once the time limits set by Rule 37.2(c) have elaspsed. *Hickson v. State*, 316 Ark. 783, 875 S.W.2d 492 (1994); *Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994); and *Harris v. State*, 318 Ark. 599, 887 S.W.2d 514 (1994). This limitation flows from the text of Ark. R. Cr. P. 37.2(b), which states that all grounds for postconviction relief, including claims that a sentence is illegal or was illegally imposed, must be raised in a Rule 37.1 petition.[2]

---

[1] Petitions to amend incorrect or illegal sentences are an exception to Ark. R. Cr. P. 24.3(b), which states there shall be no appeal from a plea of guilty. *E.g. Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999).

[2] Rule 37.1 does not supersede the authority of a trial court under § 16-90-111 to modify a condition of probation. *See Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41(1999). Rule

Finally, a petitioner may seek postconviction relief to correct an illegal sentence via a petition for writ of *habeas corpus*. There is a well-acknowledged distinction between a petition for *habeas corpus* and a petition for postconviction relief under Rule 37.1 and Ark. Code Ann. § 16-90-111. In *Waddle v. Sargent*, 313 Ark. 539, 313 S.W.2d 539 (1993), we rejected the State's argument that the petitioner was procedurally barred in a *habeas* proceeding by virtue of his appeal of a denial of a motion to correct illegal sentence having been dismissed. In *Cothrine v. State*, 322 Ark. 112, 907 S.W.2d 134 (1995), we reiterated that a writ of *habeas corpus* cannot be substituted for a petition for postconviction relief in that post-conviction remedies of § 16-90-111 and Rule 37.1 are filed in the original trial court, seeking to correct an error made there. *Id*. A *habeas corpus* proceeding, on the other hand, is filed in the circuit court where the petitioner is incarcerated and is based upon the theory that the petitioner is being detained without lawful authority. *Id.*; *see also McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992); *George v. State*, 285 Ark. 84, 685 S.W.2d 141 (1985).

No matter the path followed, be it statutory, Rule 37.1, or a petition for writ of *habeas corpus,* this court has consistently restated the important rule announced in *Lambert* that "[i]t does not matter *that no objection was made at the time since the court was acting in excess of its authority* and *that was a question of subject matter jurisdiction* which cannot be waived by the parties." 286 Ark. 408, 409, 692 S.W.2d 238, 239 (1985) (emphasis added). Accordingly, when a court acts in excess of its authority, no objection was necessary below because a court acting in excess of its authority is a matter of subject matter jurisdiction and subject to correction by the court.

The likening of the correction of an illegal sentence to a matter of subject matter jurisdiction has led to some confusion even though this court and the court of appeals have consistently restated the principle that the sentence of a court acting outside its authority is subject to correction. For this reason, it is necessary that we clarify that while a writ of *habeas corpus* can issue at any time to correct an illegal sentence imposed on a petitioner who files his petition in the court in the county in which he is incarcerated, petitions for relief under Rule 37.1 and Ark. Code Ann. § 16-90-

37.1 provides relief for those persons in custody, whereas a person on probation is by definition not in custody. *Id*. Thus, Rule 37 and its time requirements do not apply. *Id*.

111 are filed in the original trial court, and, thus, are subject to jurisdictional constraints inherent in Rule 37.1 and § 16-90-111.

BROWN, J., joins.